UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FRANK S. BRIMAGE,               )
            Petitioner,         )
                                )
            v.                  ) C.A. No. 04-11715-PBS
                                )
UNITED STATES,                  )
            Respondent.         )

MEMORANDUM AND ORDER

For the reasons stated below, this action is dismissed.

BACKGROUND

On August 2, 2004, petitioner Frank Brimage, an inmate at FCI Otisville in Otisville, New York, commenced this action by filing a document titled "Motion to Correct Illegal Sentence Under Title 28 U.S.C. § 2241 or 1651." He challenges the sentence he received in this Court in 1996 for a firearms violation, claiming that he was sentenced as an "armed career criminal" but that he was not convicted of two of the prior crimes used to enhance his sentence. Motion, p. 1-5; see United States v. Brimage, C.R. No. 95-10046-PBS. Brimage previously filed a Section 2255 motion in this Court in 1998, see Brimage v. United States, C.A. No. 98-12462-PBS, and that action was dismissed on the merits. See 98-12462-PBS Docket No. 7.

ANALYSIS

I.    The Court May Screen This Action

To the extent that Brimage seeks to bring this action as a

petition for a writ of habeas corpus under Section 2241, the petition may be screened and summarily dismissed under the rules applicable to habeas petitions. Rule 4(b) of the Rules Governing Habeas Corpus Cases Under 2254[1] (court is required to examine a petition, and if it "plainly appears from the face of the motion. . . that the movant is not entitled to relief in the district court," the court "shall make an order for its summary dismissal."); McFarland v. Scott, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face); 28 U.S.C. § 2243 (petition for a writ of habeas corpus may also be summarily dismissed if it fails to set forth facts that give rise to a cause of action under federal law); Marmol v. Dubois, 885 F. Supp. 444, 446 (D. Mass. 1994) (same).

To the extent that Brimage brings this action as a civil action under Section 1651, it is subject to dismissal under Section 1915A as lacking an arguable basis in law. Section 1915A provides that all actions filed by prisoners must be screened, at the earliest practicable time, and dismissed if they lack an arguable basis in law or fact, fail to state a claim or seek monetary relief from a defendant immune from such claims. 28 U.S.C. § 1915A(a), (b).

---

[1]See Rule 1(b) of the Rules Governing Section 2254 Cases; Perez v. Hemingway, 157 F. Supp. 2d 790, 795 (E.D. Mich. 2001).

II.  This Court Lacks Subject-Matter Jurisdiction
     <u>Over Any Section 2241 Habeas Petition Filed by Brimage</u>

A Section 2241 petition is properly brought in the district court with jurisdiction over the prisoner's custodian; whereas a Section 2255 petition must be brought in the sentencing court. <u>United States v. Barrett</u>, 178 F.3d 34, 50 n. 10 (1st Cir. 1999), <u>cert. denied</u>, 528 U.S. 1176 (2000).  Even where the petitioner challenges the validity, rather than the execution of his sentence under Section 2241 as here, jurisdiction lies, not in the sentencing court as per Section 2255, but in the district court that has jurisdiction over custodian.  <u>Norton v. United States</u>, 119 F. Supp. 2d 43, 45 (D. Mass. 2000).

The basis for this distinction is that a writ of habeas corpus under Section 2241 must be "directed to the person having custody of the person detained."  28 U.S.C. § 2243; <u>Vasquez v. Reno</u>, 233 F.3d 688, 690 (1st Cir. 2000), <u>cert. denied</u>, <u>sub nom.</u> <u>Vasquez v. Ashcroft</u>, 122 S. Ct. 43 (2001) (court issuing the writ must have personal jurisdiction over the person who holds the petitioner in custody); <u>accord</u> <u>Gonzalez</u>, 150 F. Supp. 2d at 240.

Personal jurisdiction over a custodian requires "the presence of the custodian within the territorial confines of the district court."  <u>United States v. DiRusso</u>, 535 F.2d 673, 676 (1st Cir. 1976). Because petitioner's custodian is the warden of a facility in

3

Otisville, New York, he or she is beyond the territorial confines of
this Court.  See Vasquez, 233 F.3d at 696.  Thus, this Court does not
have personal jurisdiction over the warden of FCI Otisville, and must
either dismiss or transfer this Section 2241 petition to the proper
district.  Id. at 696.[2]  I will dismiss the petition to the
extent that it is brought under Section 2241.  Cf. Gonzalez v.
U.S., 150 F. Supp. 2d 236, 240 (D. Mass. 2001) (citing Hernandez v.
Campbell, 204 F.3d 861, 865 (9th Cir. 2000)) (federal courts are
always under an independent obligation to examine their own

---

[2]Because Brimage filed a Section 2255 petition in 1998
that was decided on the merits, see Brimage v. United States,
C.A. No. 98-12463-PBS (dismissing § 2255 motion alleging that
officer was in jury room during deliberations and that
petitioner received ineffective assistance of counsel), any
petition filed by him would be "second or successive."  See
Norton v. United States, 119 F. Supp. 2d 43, 44 n.1 (D. Mass.
2000)(a petition is "second or successive" where a previous
habeas petition has been decided on the merits); cf.
Sustache-Rivera v. United States, 221 F.3d 8, 12-13 (1st Cir. 2000)
(citations omitted).  Before a party can file a "second or
successive" Section 2255 motion, the motion must be certified
by the court of appeals, as provided in Section 2244, to
contain (1) newly discovered evidence or (2) a new rule of
constitutional law made retroactive to cases on collateral
review by the Supreme Court that was previously unavailable.
28 U.S.C. § 2255.
    The requirement that a motion to file a "second or
successive" habeas petition be filed in the court of appeals
is an allocation of subject-matter jurisdiction to that court,
see United States v. Barrett, 178 F.3d 34, 41 (1st Cir. 1999),
and this Court may not consider a second or successive habeas
application absent proper authorization from the court of
appeals.  Libby v. Magnusson, 177 F.3d 43, 46 (1st Cir. 1999).

jurisdiction, and must not entertain a habeas petition over which it has no jurisdiction).

    II.  A Writ of Coram Nobis or Audita Querela
          <u>Under Section 1651 Is Not Available to Petitioner</u>

Brimage states, without further citation or explanation, that he also brings this action pursuant to the All Writs Act, 28 U.S.C. § 1651.[3]  To the extent that Brimate is seeking either a writ of coram nobis or a writ of audita querela, he has not demonstrated that exceptional circumstances warranting such relief exist.

Although writs of coram nobis and audita querela have been formally abolished in civil cases, <u>see</u> Fed. R. Civ. P. Rule 60(b), courts have held that the All Writs Act preserved the use of both of these writs in very limited circumstances with respect to criminal convictions.  <u>Tran v. United States</u>, 45 F. Supp. 2d 157, 159-60 (D. P.R. 1999); <u>see also</u> <u>United States v. Morgan</u>, 346 U.S. 502, 506 n. 4 (1954); <u>United States v. Holder</u>, 936 F.2d 1, 5 (1st Cir. 1991).

_____

[3]The All Writs Act provides:

The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

28 U.S.C. § 1651(a).

A writ of coram nobis is a common-law remedy used to correct errors of fact, and a petition for the writ brings before the court that rendered the judgment under attack matters of fact which, if known at the time of judgment, would have prevented its rendition. <u>See</u> <u>Spaulding v. United States</u>, 155 F.2d 919, 921 (6th Cir. 1946); <u>accord</u> Black's Law Dictionary 337 (6th ed. 1990) (a petition for writ of coram nobis is addressed to the court which rendered the judgment in which the injustice is alleged to have been done; in contrast to appeals or review directed to another court) (internal citations omitted). A writ of audita querela is also a common-law remedy that is available where there is a legal objection to a conviction, which has arisen <u>subsequent</u> to that conviction, and which is not redressable pursuant to another post-conviction remedy. <u>Holder</u>, 936 F.2d at 5.

Coram nobis is thus used to attack a judgment that is infirm at the time it was rendered for reasons which later are discovered, as compared with audita querela, which is used to attack a judgment that was correct at the time it was rendered but is rendered infirm by matters that arise after its rendition. <u>Tavares v. Massachusetts</u>, 59 F. Supp. 2d 152, 154 (D. Mass. 1999) (citing <u>United States v. Reyes</u>, 945 F.2d 862

6

(5th Cir.1991)).

Here, none of the limited circumstances in which either writ may be issued.  A writ of coram nobis or audita querela is <u>not</u> available where, as here, other remedies exist, such as a motion under Section 2255.  <u>Tavares</u>, 59 F. Supp. 2d at 155; <u>cf.</u> <u>United States v. Barrett</u>, 178 F.3d 34, 54 (1st Cir. 1999) (writ of coram nobis may not be used to circumvent the clear congressional directive embodied in the "second or successive" provisions of § 2255).  Thus, petitioner's requests for these writs pursuant to Section 1651 is denied.  <u>Tavares</u>, 59 F. Supp. 2d at 155.

<u>CONCLUSION</u>

Based upon the foregoing, it is hereby ORDERED that this action be DISMISSED.

Dated at Boston, Massachusetts, this <u>17th</u> day of <u>August</u>, 2004.


<u>s/ Patti B. Saris</u>
PATTI B. SARIS
UNITED STATES DISTRICT JUDGE

7