04-11715-PBS

Mr FRANK S. BRIMAGE 26480-038
P.O. BOX 1000
OTISVILLE, NEW YORK 10963

Dear Clerk of Court

I am deeply concerned about my Writ of Habeas Coups)) because on Aug 2/2004 I send 3 writ of Habeas Coups out one to Judge Saris, United States Attorney Office and the Clerk of Court: the United States Attorney was not deliverable as addressed unable to forward Boston MA 02206-9761 to time came back Aug 2/2004 Aug 27/2004 I would appreciate if you would forward this Writ of Habeas Coups to United States Attorney Office, and send me a time stamped copy for my records.

Thank you for your time in this matter.

Mr FRANK S. BRIMAGE 26480-038
P.O. BOX 1000
OTISVILLE, NEW YORK 10963

     

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NO. 95-CR-10046
(P.B.S.)
DOCKET NO. _____

FRANK S. BRIMAGE

VS.

UNITED STATES

MOTION TO CORRECT ILLEGAL SENTENCE UNDER
TITLE 28 U.S.C. §2241 OR 1651

This court is authorized to consider the instant petition under title 28 U.S.C. §2241's power to grant a writ or 1651. Fundamental principal of petition for a writ of habeas corpus is that government muist always be accountable to judicary for a man's imprisonment and that the restraints on liberty must be removed if the imprisonment does not comform to basic requirements of law.

Dear Honorable Judge:

On January 31, 1996, Mr. Brimage was found to qualify under Title 18 U.S.C. §924(e) as an armed career criminal and was sentenced to a term of imprisonment of 262 months to be followed by a period of 48 months of supervised release. Doing petitioner's sentencing hearing he explained to his counsel (Mr. Peter B. Krupp.) he was never convicted in two particular cases in my presentence investigative report (P.S.1..).

1

Counsel Krupp objected to pages 7 ¶36 and 8 ¶38 in my P.S.I. at my sentencing hearing.

### DISPOSITION PAGE 4 ¶16

Assistance United States prosecutor James F. Lang. It was my intention in coming in today your Honor to request 262 months. Since I learned this information in very sketchy, fashion. I have been trying to assess in my mind whether it would affect my recommentation, I certainly find this information extremely troubling. It paints a far more sinister picture of Mr. Frank S. Brimage than I already envisioned but I could say to your Honor, that if you feel based on your current inclination that the information will not affect your sentencing, even in the face of a higher recommendation I am not adverse to going forword.

The Court: No I do not want you to put it all back on me I think that 262 months is a very high sentence for what happened in my case.

Your Honor, what puzzle me most is the covernment and the court did not follow the enhancement procedure of A.C.C.A (924(e)). The government upon seeking enhancements under (924(e)) A.C.C.A. was required to present documented proof of there violent felonies or serious drug offenses for judicial review, see <u>United States V Unger,</u> 915 F.d 759 (1st cir. 1990) similar <u>United States V Aloi,</u> 773 F.Supp. 55 (N.D.Ohio. 1991). The three convictions that were relied upon by the government was, a rap sheet and police reports. Even upon objection that I did not commit these criminal crimes this court

2

allowed the burden to be on the accused to show it was not him who committed these prior offenses. Congress did not intend for a defendnat to establish that he was not convicted of a prior conviction.

The correct procedure of A.C.C.A., see United States V Clark, 735 F.Supp. 861 (N.D.Ill. 1990) accord United States V Aloi, 773 F.Supp. 55 (N.D.Ohio 1991)(5-6-) generally, as in all cases, the government has the burden of establishing an accused's prior conviction for sentencing enhancement purposes, see Wilkinson, 926 F.2d at 28. This burden will be satisfied if the government offers certified recourds which, on their face, demonstrates that the prior convictions were valid, see Taylor, 882 F.2d at 1031, see White, 890 F.2d at 1035-36. A certified record would fail to meet this burden, if, for example, the record indicated that defendant had not been represented by counsel (Gantt) 659 F.Supp. at 79, see Burggett, 389 U.S. 104, 88 S.Ct 258, 19 L.Ed. 2d 319. Once the government introduces sufficient documentary evidence, the burden shifts to defendants to prove "that the conviction were infact, not conviction, were in fact not constitutionally sound, Taylor, 882 F.2d at 1031 accord Gallman 907 F.2d at 642-44.

In the case at bar, government did not follow the procedure of A.C.C.A. enhancement and this court adopted a presentence report and considered evidence without the record of a Guilty

plea to show a valid conviction upon Mr. Brimage. Once petitioner objected, that he was not convicted of what the government relied on in the P.S.I. The burden was on the government to show a valid record of a guilty plea. This was not done see "sentencing papers" attached and marked as exhibit A. Congress did not intend for the government, or the probation department to enhance with the priors on unreliable evidence (arrest rap sheet), and have this court considered in a judicial review of relied upon convictions mis-information. Important function of prosecutor upon sentence is to make sure that all information in his possession material to punishment and favorable to an accused is not based on on mistakes of fact or faulty information, misinformation of misunderstanding that is materially false assumptions as to any facts relevant to sentencing rendering, entire sentencing procedure invalid, as a violation of due process, United States V Malcolm, 432 F.2d 809 (2nd cir. 1970). Fair adminstration of justice demand that sentencing judge will not act on surmise, misinformation and suspecion but will impose sentence with "insight" and understanding.

This court assuming the convictions were valis was impermissible from a silent record. Once Mr. Brimage objected he was not the person convicted on the crimes the government was obliged to show by preponderance of the evidence in fact petitioner's record of conviction and judgment sheet which, is the only conclusive proof of prior conviction.

United States V Spell, 44 F.3d 936 (11 cir. 1995) where the

4

conviction's validity was at issue. The burden of proof issue is an important aspect of the sentencing process requiring resolution of an appearent conflict between the parties. Especially when, the presumption against a conviction and the presumption (in favor of the validity) of a conviction is being attacked. Petitioner Brimage had noted the procedure on how the A.C.C.A. enhancement applied to him with out the court considering a valid certified record of conviction.

Under federal rules of criminal procedure 32(b), it should be noted that a defendant's arrest record is filled with errors not to be relied upon. Since district court erroneously place the burden on Mr. Brimage rather than the government, its findings on the evidence must be [re]evaluated on remand in the light of a proper burden of proof rule.

There was a case, see <u>United States V lampton,</u> 158 F.3d 251 (5th cir. 1998), where the government afforded the accused due process by following the enhamcement procedure by showing the convictions was the fedendant's and not those of another person. The government produced (1) certified copies of that defendant's two prior, state cases (arrest) registers corresponding to his two state convictions, (2) fingerprint exemplare from both state arrest register, (3) certified copies of both state convictions and, (4) defendant's fingerprint exemplars from the current offense maintained by the United States Marshal's Service. The prosecutor further submitted the expert's testimony of a police fingerprint expert who then testified that the attestee's fingerprint on the two state arrest registers matched defendant's federak fubgerorubt card.

When petitioner objected that the relied upon convictions was not his, under

5

the A.C.C.A., he was not afforded the very same due process as required, because, under the procedure to enhance a defendant, prior convictions must be established by a preponderance of the evidence. This burden will be satisfied if the government offers certified records which on their face demonstrate that the prior convictions were valid, see Taylor, 882 F.2d at 1031. Mr. Brimage was not afforded the procedure of due process in his case as set forth in the Armed Career Criminal Act.

## CONCLUSION

Based upon the sentencing transcripts, evidence, the burden is still upon the government and "I" Mr. Brimage, am still objecting to the convictions the government and P.S.I. relied upon. This case represents a fundamental, miscarriage of justice that results from a failure to entertain the claim, as demostrated above, see McClesky V Zant, 499 U.S. 467, 494-95 (1991). Mr. Brimage prays that this letter (motion for relief) to this Honorable Court adminsters justice and grant him relief, or an evidentiary hearing in light of the burden of proof rule.

## Proof of Service

This is to certify that on this 30th day of July of 2004 was mailed, prepaid certified mail, an original an two copies of the Motion to Correct Illegal Sentence Under Title 28 U.S.C. §2241 or 1651 to Mr. John Joseph Moakley, Clerk of the Court, at U.S. Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210-3002. And a copy of same to United States Attorney's Office for the District of Massachusetts.

*Mr Frank S. Brimage*
FRANK S. BRIMAGE #20480-038
P.O. BOX 1000
OTISVILLE, NEW YORK 10963